IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )        CRIMINAL ACTION NO.
     v.                       )           3:15cr338-MHT
                              )              (WO)
BILLY SHAUN KITCHENS          )

SUPPLEMENTAL ORDER ON
CONDITIONS OF SUPERVISED RELEASE

In accordance with the judgment of the court, it is
ORDERED that, upon defendant Billy Shaun Kitchens's
release from incarceration:

(1) Probation shall arrange for defendant Kitchens
to attend, and defendant Kitchens shall attend, an
inpatient-based therapeutic community that is a
long-term (generally 6-12 months) substance-abuse
treatment program, such as the Fellowship House.  If
for any reason the Fellowship House or like facility is
not available to defendant Kitchens in a timely manner,
the probation officer and defense counsel shall work to
arrange for outpatient substance-abuse treatment for
defendant Kitchens.

(2) Probation shall arrange for defendant Kitchens

to receive, and defendant Kitchens shall participate in, individual therapy from a community provider. This therapy should focus on improving coping skills and increasing self-awareness, and it may be beneficial for the therapist to specialize in trauma-informed treatment.

(3) Probation shall arrange for defendant Kitchens to receive, and defendant Kitchens shall attend, treatment from a psychiatrist to determine what, if any, psychotropic medication may be appropriate.

(4) Based on Dr. Jennifer Cox's November 2021 report, the court strongly recommends that the providers of the services listed in ¶ 1 and ¶ 2 above periodically (that is, weekly or monthly) assess defendant Kitchens for suicide risk and, when clinically indicated, ensure he is closely monitored to ensure his safety.

(5) After defendant Kitchens has completed the inpatient treatment referenced in ¶ 1 above, probation shall arrange for him to participate, and he shall

participate, in a peer-support program such as Narcotics Anonymous. Probation shall provide information to defendant Kitchens on how to attend this programming.

(6) The providers of the services listed in ¶ 1 and ¶ 2 above are encouraged to engage in "motivational interviewing," which is an empirically-informed approach to substance-abuse treatment that may facilitate individual movement through the transtheoretical stages of change (Prochaska & DiClemente, 1984).

(7) The providers of the services listed in ¶ 1 and ¶ 2 above are encouraged to engage in a holistic approach to treatment, which could include skills-based training in decision-making and impulse control, as well as mindfulness-based training. In addition, treatment should include exposure to interventions designed to improve his ability to recognize and avoid high-risk situations that may result in criminal activity.

3

(8)  The providers of the services listed in ¶ 1 and ¶ 2 above are encouraged to communicate with each other about defendant Kitchens's care, to ensure as holistic an approach as is possible.

(9) Defendant Kitchens's defense counsel and probation officer shall ensure that a copy of this order, as well as a copy of Dr. Cox's November 2021 report regarding defendant Kitchens, be provided to the providers of the services listed in ¶ 1 and ¶ 2 above.

It is further ORDERED that defendant Kitchens's defense counsel and probation officer shall file a joint status report on February 18, 2022, and August 5, 2022, on the following: (1) whether each and every one of the provisions in this supplemental order has been <u>fully</u> implemented and, if not, why not and to what extent and (2) how defendant Kitchens is fairing on supervised release.

DONE, this the 11th day of January, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4